JOSEPH P. RUSSONIELLO (CABN 44332)
United States Attorney

BRIAN J. STRETCH (CABN 163973)
Chief, Criminal Division

EUMI L. CHOI (WVBN 722)
Assistant United States Attorney

   150 Almaden Boulevard
   San Jose, California 95113
   Telephone: (408) 535-5079
   Facsimile:  (408) 535-5066
   Email: Eumi.Choi@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 08-704443 HRL |
|    Plaintiff, | STIPULATION AND [PROPOSED] ORDER AMENDING JULY 21, 2008 ORDER OF DETENTION PENDING TRIAL, 18 U.S.C. § 3142 |
|    v. | |
| ERIC MARTIN LAMB, | |
|    Defendant. | |

     The above-captioned matter is a prosecution arising from the District of the District of Columbia. The defendant was arrested in this district in connection with an arrest warrant and a criminal complaint charging him with one count of 18 U.S.C. § 2252(a)(1) issued by the District of the District of Columbia. On July 21, 2008, the parties appeared before the Court for a detention and identity and removal hearing in this matter. At that time, the government requested, and Pretrial Services recommended, that the defendant be detained pending trial. In making its request for detention, government counsel noted that, subject to rebuttal by the defendant, in light of the charged offense, it was to be presumed that no condition or combination of conditions could reasonably assure the defendant's appearance as required and the safety of

1
2  the community, see 18 U.S.C. § 3142(e)(1).  Pretrial Services recommended detention based
3  upon both grounds: to assure the defendant's appearance and the safety of the community.
4  Defense counsel agreed that a rebuttable presumption applied.  Aside from noting that the
5  defendant's earlier conviction in the State of Washington was a misdemeanor rather than a
6  felony, defense counsel submitted the matter.  Defendant also signed a written waiver of identity
7  hearing and requested that the preliminary hearing be held in the prosecuting district.  The Court
8  ordered the defendant detained pending trial, finding that no condition or combination of
9  conditions could reasonably assure the defendant's appearance as required and the safety of
10 the community.  The Court also ordered the defendant removed to the prosecuting district.
11 //
12 //
13 //
14 //
15 //
16 //
17 //
18 //
19 //
20 //
21 //
22 //
23 //
24 //
25 //
26 //
27 //
28 //

//

1

2  Subsequently, on July 21, 2008, the Court issued a written order of detention which the parties
3  received via e-filing.  The parties have reviewed the written order and agree that the Order
4  erroneously states that no presumption applied in this matter (see Part I of the Order), when there
5  is a rebuttable presumption as described above; therefore, the first box of Part II of the Order
6  (Rebuttal of Presumptions, If Applicable) pertains instead.  Part III of the Order is likewise
7  inapplicable to this matter (Proof Where Presumptions Rebutted Or Inapplicable).[1]
8      Wherefore, the parties respectfully request that the Order of Detention Pending Trial be
9  amended to reflect that there was a rebuttable presumption of detention that the defendant did not
10 rebut.

11

12 DATED: July 23, 2008                  JOSEPH P. RUSSONIELLO
                                          United States Attorney

13

14                                           _____/s/_____
                                          EUMI L. CHOI
15                                           Assistant United States Attorney

16

17                                           _____/s/_____
                                          CYNTHIA LIE
18                                           Attorney for Defendant

19

20

21

22

23
_____

24
     [1]     The detention statute, 18 U.S.C. § 3142(f), provides the government the
25 opportunity for a detention hearing since the charged offense,18 U.S.C. § 2252(a)(1), is defined
as a crime of violence under 18 U.S.C. § 3156(a)(4)(C) (crime of violence is any felony under
26 chapter 109A, 110, or 117; Chapter 110 includes 18 U.S.C. §§ 2251-2260A).   The detention
statute also creates a rebuttable presumption of detention that no condition or combination of
27 conditions could reasonably assure the defendant's appearance as required and the safety of the
community for many child exploitation offenses such as the one charged here, see 18 U.S.C. §
28 3142(e).

STIP. AND [PROPOSED] ORDER
AMENDING ORDER OF DETENTION PENDING TRIAL      3

## **ORDER**

Based upon the stipulation of the parties, and for good cause shown, the Court HEREBY ORDERS that the Order of Detention Pending Trial issued July 21, 2008 be amended to reflect that there was a rebuttable presumption of detention that the defendant did not rebut.

IT IS SO ORDERED.

DATED:

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE